# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CAROL K. TOBLER, *et al.*,

    Plaintiffs,

v.

DEPUY ORTHOPAEDICS, INC., *et al.*,

    Defendants.

Case No. 2:12-cv-01167-LDG (RJJ)

**ORDER**

    The plaintiffs, Carol and Fenton Tobler, brought this action in state court alleging numerous claims against Defendants DePuy Orthopaedics, Inc., DePuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc., Johnson & Johnson International and Precision Instruments, Inc. The Toblers' claims against the defendants all concern the implantation of a hip implant manufactured by DePuy[1] into Carol. DePuy removed this action, expressly asserting that removal was appropriate as complete diversity existed among the properly joined parties and the amount in controversy exceeded $75,000. In the removal, DePuy expressly acknowledged that the Toblers' complaint names Precision as a defendant, and alleges that Precision is a citizen of

---

[1] In their complaint, the plaintiffs collectively refer to all defendants *except* Precision as DePuy. The Court will follow that convention in the present order.

Nevada. DePuy neverethless asserted the Court should disregard Precision's citizenship because Precision was fraudulently joined as all state claims against Precision were preempted by federal law.

Subsequent to the removal, DePuy moved to stay (#9) this action pending transfer to MDL No. 2197 - *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*. On the same date, the plaintiffs moved to remand (#10). The plaintiffs subsequently moved for an expedited consideration of their motion to remand (#19).

Subsequent to the removal, though prior to the filing of the motions presently before the Court, the Judicial Panel on Multidistrict Litigation entered Conditional Transfer Order 138 identifying 14 actions from this District, including the present action, as involving questions of fact common to the Multidistrict Litigation ("MDL") proceeding in the Northern District of Ohio that is before the Honorable David A. Katz, MDL No. 2197, *In re DePuy Othtopaedics, Inc., ASR Hip Implant Products Liability Litigation*, 753 F. Supp. 2d 1378 (J.P.M.L. 2010). The MDL was created in response to a number of lawsuits filed against DePuy after it initiated the voluntary recall of the hip implant. The Toblers have filed a Notice of Opposition to the Conditional Transfer Order and have formally moved to vacate it. A hearing is scheduled on September 20, 2012, before the Judicial Panel on Multidistrict Litigation on the Tobler's opposition to transfer, as well as the opposition of the plaintiffs in 14 other District of Nevada actions conditionally transferred to MDL 2197.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-

2

moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The Court concludes that granting a stay in this case promotes judicial economy, avoids the risk of inconsistent judgments and results in minimal, if any, prejudice to the Toblers. A stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts. The Toblers contest whether this case was properly removed under a theory of federal implied preemption. At the present time, a review of the dockets of the other District of Nevada actions that have been conditionally transferred to MDL 2197 indicates that the issue of the applicability of implied preemption to claims against alleged distributors and sales representatives – DePuy's basis for removal – is common to these cases.  In addition, DePuy represents that the issue is already pending before Judge Katz in other cases. Granting a stay of proceedings pending transfer to MDL 2197 promotes judicial efficiency and consistent adjudication in cases like this one, "when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." David F. Herr, Annotated Manual for Complex Litig. § 22.35 (2012); *see also Moore v. Wyeth-Ayerst Labs*, 236 F. Supp. 2d 509, 512 (D. Md. 2002) (granting a stay because "it furthers the goals of judicial economy and consistency").

The Toblers have not shown that a stay of these proceedings, and the denial of their motion to remand without prejudice, would prejudice them. The Court may properly decide DePuy's motion to stay prior to deciding the motion to remand because "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). And while transfer to the MDL court will extinguish all prior motions pending in the transferor court at the time of transfer,

the Toblers can re-file their Motion to Remand upon transfer. "Allowing the transferee judge to rule on the motion to remand provides for consistent treatment of similar issues and may reduce the burden on litigants and the judiciary." *Moore*, 236 F. Supp. 2d at 511. Thus, assuming that the Toblers' opposition to transfer is denied and the transfer of this action to MDL 2197 becomes final, Judge Katz can address the Toblers' motion to remand and, given the similarities of the motion to remand in this case to similar motions filed in the other District of Nevada cases conditionally transferred, will be able to consider at once the issue as it is raised in each of the related actions from the District of Nevada. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."). Conversely, if this matter is not transferred to the MDL, the Toblers can renew their motion to remand.

Therefore,

THE COURT **ORDERS** that Defendants' Motion to Stay (#9) is GRANTED pending the MDL court's transfer determination.

THE COURT FURTHER **ORDERS** that Plaintiffs' Motion to Remand (#10) is DENIED without prejudice.

THE COURT FURTHER **ORDERS** that Plaintiffs' Motion for Expedited Consideration of Motion to Remand (#19) is DENIED as moot.

DATED this \_\_17\_\_ day of August, 2012.

_____
Lloyd D. George
United States District Judge

4